IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff | ) | |
| vs. | ) | No. CR-01-110-01-C |
| WILLIAM SHAROD WRIGHT, | ) | |
| Defendant | ) | |

MEMORANDUM OPINION AND ORDER

Defendant has filed a Motion seeking a sentence reduction (Dkt. No. 541). Defendant's Motion relies on the First Step Act of 2018. Pursuant to General Order 19-1, the Federal Public Defender was appointed to represent Defendant on February 5, 2019, and she entered her appearance the next day. On February 13, 2019, the Probation Office filed a Preliminary Report which noted that Defendant is ineligible for relief. Plaintiff filed its Response on April 25, 2019, asserting that Defendant is ineligible for the relief sought. To date, no reply has been received from Defendant or his counsel. The Court finds that the matter is ripe for decision.

Defendant's Motion seeks relief under that portion of the First Step Act that modifies the calculation of any good time credits. Typically, the determination of whether or not good time credits are available to a prisoner is an administrative matter for the Attorney General to address through the actions of the Bureau of Prisons. United States v. Wilson, 503 U.S. 329, 335 (1992). An inmate seeking a modification of good time credits must first exhaust administrative remedies and then, if still unsatisfied, he must

pursue his action via 28 U.S.C. § 2241.  See Reno v. Koray, 515 U.S. 50, 53 (1995).  A § 2241 Motion must be filed in the district of incarceration.  Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004).  Here, Defendant has offered no evidence or argument that he has exhausted his administrative remedies.  Even if he had, the present Motion is filed in the wrong Court, as Defendant is currently incarcerated at Fort Worth Medical Center in Fort Worth, Texas.

As Plaintiff notes, there is a provision of the First Step Act that permits a court to modify a sentence pursuant to 18 U.S.C. § 3582.  However, Defendant is ineligible for relief under that provision as his sentence was not based on a statute with a mandatory minimum sentence.

Accordingly, Defendant's Emergency Motion for Time Served Pursuant to the Provisions of the First Step Act of 2018 (Dkt. No. 541) is DENIED.

IT IS SO ORDERED this 20th day of May, 2019.

ROBIN J. CAUTHRON
United States District Judge